**Daryl G. MAYFIELD**

v.

**MICON SYSTEM, INC.**

**Civ. A. No. B–88–00534–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 16, 1989.

Gaylyn Cooper, Beaumont, Tex., for plaintiff.

Kirte M. Kinser, Gibson, Dunn & Crutcher, Dallas, Tex., Jo Ben Whittenburg, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The defendant, Micom Communications Corp. ("Micom"), named in the plaintiff's complaint as Micon Systems, Inc., has moved this court for summary judgment in this action. The plaintiff has alleged two grounds for the action, 42 U.S.C. § 1981 ("§ 1981"), and 42 U.S.C. § 2000e, *et seq.* ("Title VII"). For the following reasons, summary judgment is granted to the defendant on the § 1981 claim, and denied on the Title VII claim.

---

## THE FACTS

Briefly, the undisputed facts are that the plaintiff did not receive a promotion to either Southern or Central Regional Manager for Micom, and that the plaintiff's sales territory was changed. The plaintiff alleges that Micom based its decision in each of these situations on the plaintiff's race, African–American. The defendant argues it had legitimate, non-discriminatory reasons for each decision.

## THE LAW

■ The contours of the law of employment discrimination have been substantially reshaped over the past year by the United States Supreme Court, and one of its most significant decisions in that area deals with the proper application of § 1981 in an employment setting. *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In *Patterson,* the court clearly stated that § 1981 applies only to the formation of an employment contract. *Id.* at —— – ——, 109 S.Ct. at 2372–75. It does not apply to conduct within an ongoing employment relationship. *Id.*

Here, the plaintiff has alleged no facts that indicate Micom took any discriminatory action at the time of the formation of his employment contract with it.[1] All of the decisions of which the plaintiff complains were made in the context of an ongoing employment relationship. The plaintiff has not alleged that any of the decisions of which he complains rise to the "level of an opportunity for a new and distinct relation between the employee and employer." *Id.* at ——, 109 S.Ct. at 2377. Accordingly, the defendant's motion for summary judgment on the plaintiff's § 1981 claim is proper and is granted.

■ The basic requirements of a disparate treatment suit under Title VII, in spite of the several recent Supreme Court decisions on employment discrimination, have remained the same. The plaintiff must present a *prima facie* case of discrimination, alleging: (1) he was a member of a protected class; (2) he applied for and was denied an available position for which he was qualified; (3) the position remained open after the plaintiff was denied the position. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once the plaintiff has presented a *prima facie* case, the employer must then come forward with legitimate, nondiscriminatory reasons for its actions, which the plaintiff then has the opportunity to show are pretextual. *Id.; Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Summary judgment is only appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The plaintiff and defendant here have raised numerous issues of material fact regarding the reasons for the defendant's actions. The defendant's affidavits from its own employees, explaining that the defendant acted as it did for nondiscriminatory reasons simply are not sufficient to carry the heavy burden imposed upon a movant for summary judgment. Accordingly, the defendant's motion for summary judgment on the plaintiff's Title VII claim is DENIED.

---

**1.** Plaintiff has been with Micom since at least 1985, and there are clear statute of limitations problems, should he attempt to raise such a claim today.