**Daryl G. MAYFIELD**

v.

**MICON SYSTEM, INC.**

**Civ. A. No. B–88–00534–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 18, 1990.

Gaylyn L. Cooper, Beaumont, Tex., for plaintiff.

Kirte M. Kinser, Gibson, Dunn & Crutcher, Dallas, Tex., and Jo Ben Whittenburg, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

ORDER

COBB, District Judge.

Came on to be considered the defendant's motion for reconsideration. For the following reasons, that motion is denied.

The defendant Micom Communications Corp. ("Micom"), misnamed in the plaintiff's complaint as Micon Systems, Inc., seeks reconsideration of this court's order of October 16, 1989, 729 F.Supp. 53, denying summary judgment on the plaintiff's Title VII claim. In its motion for reconsideration, the defendant argues that this

court placed an incorrect burden upon the defendant, apparently when this court said the summary judgment evidence presented was "not sufficient to carry the heavy burden imposed upon a movant for summary judgment."

This court again finds, and hopes it is clear this time, that numerous issues of material fact were raised in the summary judgment evidence, precluding a grant of summary judgment. To be certain all parties understand the standard this court applies in ruling on a motion for summary judgment, this court falls back upon the language of the United States Supreme Court.

First, in order to grant summary judgment, there must "be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). "[T]he materiality determination is based upon the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* The substantive law here is that of 42 U.S.C. § 2000e, *et seq.* This court finds that facts regarding the defendant's reasons for discharging the plaintiff are critical facts in a Title VII suit.

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. Here, the finder of fact may resolve these disputed issues either way. It may choose to believe the defendant, who claims it had legitimate reasons for the discharge. It may choose to believe the plaintiff, who claims those reasons are pretextual. It is certainly an issue of fact central to this dispute.

It is true that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This court finds the moving party here has failed to make such a showing. The interrogatories to which the plaintiff directed this court, together with the other summary judgment evidence, are sufficient to show " 'there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553.

Accordingly, the defendant's motion for reconsideration is DENIED.